UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MOORE and MICHELLE
TILTON,

       Plaintiffs,                                   Case No. 11-15293

v.                                                  Honorable Patrick J. Duggan

I.Q. DATA INTERNATIONAL, INC.,

       Defendant.
                                           /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 15, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On December 2, 2011, William Moore and Michelle Tilton ("Plaintiffs") filed this action, alleging that I.Q. Data International, Inc. ("Defendant") violated both federal and Michigan statutes concerning the collection of a debt. Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction and improper venue, filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). The matter has been fully briefed, and the Court heard oral argument on May 10, 2012. For reasons set forth below, the Court grants Defendant's motion.

## I. Background

Plaintiffs allege that Defendant has attempted to collect a debt relating to the rental of an apartment. Compl. ¶ 6. Plaintiffs allege that Defendant failed to provide them with certain notices required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Compl. ¶ 7. Plaintiffs further allege that an employee of Defendant named Doug Jones made misrepresentations and threats during telephone calls with Plaintiffs. Compl. ¶¶ 8-16. After Plaintiffs informed Jones that they were represented by counsel, Jones allegedly called the office of Plaintiffs' counsel and made misrepresentations to a secretary. *Id.* ¶¶ 17-19.

The Complaint identifies Defendant as a Washington corporation. Compl. ¶ 3. It is alleged that "[t]he transactions and occurrences which give rise to this action occurred in Pierce County."[1] *Id.* ¶ 4. The only allegation concerning venue states: "Venue is proper in the Eastern District of Michigan." *Id.* ¶ 5.

Defendant contends that it is not subject to the exercise of personal jurisdiction by this Court. Defendant also argues that the Eastern District of Michigan is not the proper venue for this action.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir.

---

[1] Presumably, this refers to Pierce County, Washington. As Defendant correctly notes, there is no Pierce County in Michigan.

2002)). Unless the district court conducts an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Id.* This burden is satisfied by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). The Court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party." *Id.* (citation omitted).

In cases where a federal court's jurisdiction stems from the existence of a federal question, "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird*, 289 F.3d at 871 (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). "Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Id.* at 873.

"General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* (quoting *Third Nat'l Bank v. Wedge Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Plaintiffs have not established facts sufficient to support general personal jurisdiction in this case. Plaintiffs assert that Defendant's claim that it has no office in Michigan is false. Plaintiffs note that Defendant's registered agent, The Corporation

3

Company, maintains an office in Michigan, but designation of a resident agent to accept service of process is insufficient to establish general personal jurisdiction. *Pittock v. Otis Elevator Corp.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 108 S. Ct. 2218 (1988)). According to Plaintiffs, Defendant has applied to the State of Michigan to use the assumed name "RentCollect Global" in this state. *See* Pls.' Br. Ex. 1. Plaintiffs also note that Defendant obtained a collection agency license from the Michigan Department of Licensing and Regulatory Affairs. *See* Pls.' Br. Ex. 4. These actions might be taken by a business engaged in occasional collection activity within the state. The Court is unaware of any legal authority holding that a business license and an assumed name establish "continuous and systematic" contact for purposes of personal jurisdiction. The Court concludes that Defendant is not subject to general personal jurisdiction in this case.

The Court also considers whether the requirements of specific personal jurisdiction are satisfied. Michigan's limited personal jurisdiction statute provides:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be

furnished in the state by the defendant.

Michigan Compiled Laws § 600.715. It does not appear that any of the relationships listed in the statute exist in this case. Plaintiffs have not identified a single transaction involving Defendant in this state.[2] There is no indication that Defendant's actions had any impact in the State of Michigan. The Complaint alleges that the events giving rise to this lawsuit occurred outside Michigan. Compl. ¶ 4. This lawsuit does not seem to involve property situated within Michigan or services to be performed within Michigan. Nor does it pertain to an insurance contract. The suit's only connection with Michigan appears to be that Plaintiffs' counsel is located in this state. The statute does not permit the exercise of jurisdiction in this case.

Even if the long-arm statute authorized personal jurisdiction over Defendant, it is not clear that this would comport with due process protections. To make the required showing with respect to due process, Plaintiffs must "establish with reasonable particularity sufficient 'minimum contacts' with Michigan so that the exercise of jurisdiction over [the defendant] would not offend 'traditional notions of fair play and substantial justice.'" *Neogen*, 282 F.3d at 889 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). In determining whether the minimum contacts requirement is satisfied, the Sixth Circuit applies a three-part test:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the

---

[2] Defendant admits that 1% of its accounts are related to Michigan residents, Gulbranson Aff. ¶ 8, but it is not clear that Defendant has collected money from these individuals.

> acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Id.* at 890 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The Complaint makes clear that Plaintiffs' suit does not arise from Defendant's activities in the State of Michigan. Compl. ¶ 4. Plaintiffs have also failed to identify any meaningful connection between Defendant's actions and the State of Michigan. As stated above, the only apparent link between this suit and Michigan is that Plaintiffs' counsel is located here. Due process does not permit the exercise of personal jurisdiction under such circumstances, as this would extend personal jurisdiction to any state where the plaintiff hires counsel. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985) ("a defendant will not be haled into a jurisdiction solely as a result of . . . the unilateral activity of another party or a third person"). The Court concludes that it may not exercise personal jurisdiction over Defendant.

### III. Motion to Dismiss for Improper Venue

In a civil action, venue is proper in a judicial district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). "[T]he plaintiff bears the burden of proving that venue is proper." *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). "The Court may examine facts outside the complaint

6

but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* If the venue is improper, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court. *See* 28 U.S.C. § 1406.

Under the venue statute, a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As discussed above, the Court concludes that Defendant is not subject to this Court's exercise of personal jurisdiction. Thus, venue in the Eastern District of Michigan is proper only if a substantial part of the events or omissions giving rise to the claim occurred in this district. That is plainly not the case here, as the Complaint asserts that the events giving rise to this suit occurred in Pierce County, which is not in the State of Michigan. Compl. ¶ 4.

In response to Defendant's motion, Plaintiffs cite a provision of the FDCPA which states:

> Jurisdiction. An action to enforce any liability created by [15 U.S.C. § 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d). Plaintiffs argue that the statute allows for a suit in "any" district court. This is a selective reading of the statute, which states that suit may be brought in "any *appropriate*" district court. *Id.* (emphasis added). The requirement that the suit must be brought in an "appropriate" district court can surely be read to encompass the concept of proper venue. The Court is not persuaded by Plaintiffs' argument.

The Court believes that the best course of action is to dismiss this lawsuit. Transfer

7

would be inappropriate, as the Court lacks a sufficient factual record to determine a proper venue. Plaintiffs may refile in a more appropriate venue if they so choose.

## IV. Conclusion

For reasons set forth above, the Court concludes that it lacks personal jurisdiction over Defendant. The Court also finds that venue is not proper in the Eastern District of Michigan.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Gary D. Nitzkin, Esq.
Travis Shakelford, Esq.
Jeffrey C. Turner, Esq.